# THE SUMITOMO BANK OF HAWAII, LIMITED, *v.* HAWAII NOSAN SHOKWAI, LIMITED.

## No. 1286.

PETITION FOR REHEARING.

FILED NOVEMBER 27, 1920.                    DECIDED DECEMBER 17, 1920.

COKE, C. J. KEMP AND EDINGS, JJ.

*Per Curiam:* This cause was heretofore on November 22 disposed of by an opinion filed on that date in which the decree of the circuit judge dismissing the bill of the petitioner was reversed and the cause remanded for further proceedings consistent with that opinion. The respondent appellee has filed a petition for a rehearing alleging that many material points appearing of record were overlooked by this court.

Not all of the matters enumerated in the petition for rehearing as having been overlooked appear of record and many that do appear of record were clearly not overlooked by us but were disposed of adversely to the contention of appellee and will not be further discussed. There is one question, however, raised by the petition for rehearing which does appear of record and was not discussed in our former opinion although raised in the hearing before the circuit judge and on the appeal and incidentally disposed of. We refer to the contention of respondent appellee to the effect that the handling of the foreign bills of exchange or drafts discussed in our former opinion could not and did not constitute "advances made and to be made" and therefore the petitioner failed to make out its case. The mortgage having been given as shown on its face to secure "advances made and to be made" to the respondent by the petitioner it follows that

if no advances were made the decree appealed from should have been affirmed.

It becomes important therefore to determine whether there was a showing by petitioner on this phase of the case which entitled it to recover.

The use of the word "advances" in contracts has been in many cases construed but the word has no such meaning that the court can determine the sense in which it is used by the parties without examining the contract as an entirety and seeking the aid of the surrounding circumstances and the practical construction of the contract by the parties themselves. 2 C. J. 33. There is nothing in the context which throws any light on the question but the surrounding circumstances insofar as they were permitted to be shown are illuminating. The witnesses for petitioner have testified in effect that prior to the execution of the mortgage and as the reason why the very mortgage in question was demanded the respondent was told that it must secure the petitioner in respect to the various drafts then held by petitioner, some of which were then past due and others of which would soon become due and that in accordance with this demand the mortgage was given for that purpose. The respondent has not been heard on this question but the testimony of petitioner's witnesses is clear and specific. Unless upon a further trial of the case the evidence should show that the petitioner's evidence is unreliable it could not be said that the parties themselves did not select the language used in the mortgage for the purpose of describing the obligations the payment of which the witnesses say the mortgage was meant to secure. If the parties so understood the language the court will not resort to a technical construction in order to ascribe to it a different meaning.

We think that the petitioner made a *prima facie* showing of its right to recover but of course this does not mean

that the respondent may not yet be entitled to a decree if by any legal evidence the case made by the petitioner is overcome.

The petition for a rehearing is denied.

*W. J. Robinson* and *E. J. Botts* for the petition.